IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI
USDC No. 1:21cv124-MPM-DAS

| | |
|---|---|
| **LUKE BUFFINGTON** | **PLAINTIFF** |
| VS. | CAUSE NO. CV2020-244 JWA |
| **SERVICE TRANSPORT COMPANY, INC., WILLIAM GIVENS, COMPANIES A-I, And JOHN DOES 1-10** | **DEFENDANTS** |

## COMPLAINT

COMES NOW Plaintiff, LUKE BUFFINGTON, and files this his complaint against SERVICE TRANSPORT COMPANY, INC., WILLIAM GRAVES, Companies A-I, and John Does 1-10 (hereinafter, collectively referred to as "Defendants"), by and through his undersigned counsel and in support thereof would show unto the Court the following, to-wit:

### PARTIES

1. Plaintiff, Luke Buffington, is an adult resident citizen of Alcorn County, Mississippi, and resides at 1504 N. Fillmore St., Corinth, Mississippi 38834.
2. Defendant, Service Transport Company, Inc. ("Service Transport"), is a corporation organized and existing under the laws of Texas. Service Transport may be served at its principle place of business at 7979 Almeda Genoa Road, Houston, TX 77075.
3. Upon information and belief, Defendant William Givens, is an adult resident citizen of Ascension Parish, Louisiana, and resides at 15078 Beau John, Prairieville, Louisiana, 70769.
4. Defendants, Companies A-I and John Does 1-10, are additional defendants which have not been discovered or identified. After identity of such parties, the complaint will be amended.



ALCORN COUNTY
FILED
AUG 05 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY _____

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and parties. Personal jurisdiction of the parties is proper under Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57, as the Defendants were conducting business in the State of Mississippi, and the alleged tort was committed in the State of Mississippi against a resident of the State of Mississippi. Venue is proper in this Court as the Plaintiff resides in Alcorn County, Mississippi.

## FACTS

6. Defendant Service Transport is a trucking company that owns and operates tractor trucks and trailers that transports, among other things, liquid chemicals, within the State of Mississippi.
7. On August 5, 2017, Defendant William Givens was employed by Service Transport to operate a 2015 International tractor to pull a cargo tank (together, the "tractor trailer rig") within the State of Mississippi. Upon information and belief, the tractor trailer rig was owned by Service Transport and was transporting hazmat materials.
8. On August 5, 2017, Plaintiff Luke Buffington was the operator of a 2006 Ford 150 pickup truck traveling north on Interstate 55 ("I-55") in the right northbound lane near Gluckstadt, Mississippi.
9. At approximately 1:40 p.m., Plaintiff Luke Buffington encountered heavy traffic and slowed his vehicle to a stop behind a line of vehicles. Plaintiff Buffington remained stopped in the right northbound lane behind the line of cars for approximately 30 seconds to one minute before he was suddenly and without warning struck in the rear by the tractor trailer rig driven by Defendant William Givens.
10. At the time of the accident, Defendant William Givens was also traveling north in the right northbound lane on I-55 near Gluckstadt, Mississippi. Defendants' tractor trailer rig struck the back of Plaintiff Luke Buffington's truck at an estimated speed of 50 miles per hour before veering off the roadway and through a guardrail before eventually overturning and coming to rest several hundred yards ahead of the initial collision.

11. Due to the severity of the impact caused by Defendants' tractor trailer rig, Plaintiff Luke Buffington's vehicle was spun forward and collided with a third vehicle which resulted in additional injury to Plaintiff Luke Buffington.
12. Plaintiff Luke Buffington alleges that as a direct and proximate cause of the negligent actions of the Defendants, Plaintiff Luke Buffington was caused to suffer debilitating and possibly permanent injuries to his person.

## COMMON LAW NEGLIGENCE

13. Plaintiff fully adopts and incorporates herein the preceding paragraphs 1 through 12.
14. Plaintiff alleges and maintains that Defendant William Givens was guilty of the following acts of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to-wit:
    a. In negligently facility to use that degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;
    b. In negligently failing to maintain a proper lookout for other vehicles;
    c. In negligently failing to devote full time and attention to the operation of the vehicle;
    d. In negligently failing to maintain a proper distance from other vehicles;
    e. In failing to properly and timely apply the brakes; and
    f. In negligently failing to maintain control of said vehicle..

## NEGLIGENCE PER SE

15. Plaintiff fully adopts and incorporates herein the preceding paragraphs 1 through 14.
16. Plaintiff alleges and maintains that Defendant William Givens was likewise guilty of violating code sections of the Mississippi Code Annotated, including but not limited to the following sections, each and every one of which were in full force and effect at the time and place of said collision, to wit:
    a. Miss. Code Ann. § 63-3-619 – Failure to maintain distance between traveling vehicles;

  b. Miss. Code Ann. § 63-3-1201 - Reckless driving;

  c. Miss. Code Ann. § 63-3-1213 – Careless driving;

### INJURIES OF LUKE BUFFINGTON

17. Plaintiff fully adopts and incorporates herein the preceding paragraphs 1 through 17.

18. Plaintiff respectfully alleges and maintains that as a direct and proximate result of the aforementioned acts of common law negligence and negligence per se in violation of the official traffic ordinances and state statutes on the part of Defendants herein, Plaintiff Luke Buffington was caused to suffer and incur serious and painful injuries, property damages, lost wages, pain and suffering both past and future, loss of enjoyment of life both past and future, mental distress and anguish, and other damages. Plaintiff would further allege and maintain that as a direct and proximate result of the motor vehicle accident described herein and the negligence of the Defendants, he incurred out of pocket expenses, travel expenses, lost wages, and medical expenses, both past and future, arising as a result of the personal injuries he sustained.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of and from Defendants, jointly and severally, an amount to be determined at the trial of this cause, together with any and all post and pre-judgment interest, attorney fees, all costs of court, and all such other relief as the Plaintiff may be entitled to, including punitive damages as may be deemed warranted. Plaintiff demands such further relief as this Court or the trier of fact deems just.

  Respectfully submitted, this the 5th day of August, 2020.

                LUKE BUFFINGTON, PLAINTIFF

           By: _____
                Kevin A. Buffington/#101505
                Attorney for Plaintiff
                The Smith Group, PLLC
                501 Cruise Street
                Corinth, MS 38834
                (601) 942-0516